UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20414-CR-GAYLES/TORRES

18 U.S.C. § 371
18 U.S.C. § 78dd-3
18 U.S.C. § 981(a)(1)(C)

FILED BY _____MP_____ D.C.

Oct 24, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami, Fl

UNITED STATES OF AMERICA

v.                                                                       UNDER SEAL

TYSERS INSURANCE BROKERS LIMITED
and
H.W. WOOD LIMITED,

Defendants.

_____ /

INFORMATION

The United States of America charges that:

GENERAL ALLEGATIONS

At all relevant times, unless otherwise stated:

*Relevant Statutory Background*

1.       The Foreign Corrupt Practices Act of 1977, as amended, Title 15, United States

Code, Sections 78dd-1 *et seq.* (the "FCPA"), was enacted by Congress for the purpose of, among

other things, making it unlawful for certain classes of persons and entities to act corruptly in

furtherance of an offer, promise, authorization, or payment of money or anything of value, directly

or indirectly, to a foreign official for the purpose of obtaining or retaining business for, or directing

business to, any person.

1

### The Defendants

2.     The defendant **TYSERS INSURANCE BROKERS LIMITED** ("TYSERS"), formerly known and doing business during the relevant period as Integro Insurance Brokers Limited, was an international reinsurance broker based in the United Kingdom. **TYSERS** was a "person" as that term is defined in the FCPA, Title 15, United States Code, Section 78dd-3(f)(1).

3.     The defendant **H.W. WOOD LIMITED** ("H.W. WOOD") was an international reinsurance broker based in the United Kingdom. **H.W. WOOD** was a "person" as that term is defined in the FCPA, Title 15, United States Code, Section 78dd-3(f)(1).

4.     As reinsurance brokers, Tysers and H.W. Wood provided insurance for insurance companies, which involved the transfer of all or part of the risk of paying claims under a policy from the insurance company that issued the policy to a reinsurance company. A reinsurance broker, like Tysers or H.W. Wood, arranged the transfer of risk. The broker collected the premium due from the insurance company to the reinsurance company. The broker was typically paid for its services by retaining a portion of the premium as commission.

### Relevant Entities and Individuals

5.     "Tysers Employee 1," an individual whose identity is known to the United States and the defendants, was a United Kingdom citizen and resident. Tysers Employee 1 was an international reinsurance broker for **TYSERS** with responsibility for developing certain segments of **TYSERS'** Ecuador reinsurance business. Tysers Employee 1 was an "agent" and an "employee" of **TYSERS** as those terms are used in the FCPA, Title 15, United States Code, Section 78dd-3(a).

6.     "Tysers Employee 2," an individual whose identity is known to the United States and the defendants, was a United Kingdom citizen and resident. Tysers Employee 2 was an

2

international reinsurance broker for **TYSERS** with responsibility for developing certain segments of **TYSERS'** Ecuador reinsurance business. Tysers Employee 2 was an "agent" and an "employee" of **TYSERS** as those terms are used in the FCPA, Title 15, United States Code, Section 78dd-3(a).

7.     "Tysers Employee 3," an individual whose identity is known to the United States and the defendants, was a United Kingdom citizen and resident. Tysers Employee 3 was an international reinsurance broker for **TYSERS** with responsibility for developing certain segments of **TYSERS'** Ecuador reinsurance business and was the head of a division of **TYSERS**. Tysers Employee 3 was an "agent" and an "employee" of **TYSERS** as those terms are used in the FCPA, Title 15, United States Code, Section 78dd-3(a).

8.     "H.W. Wood Employee," a United Kingdom citizen and resident, whose identity is known to the United States and the defendants, was an **H.W. WOOD** broker with primary responsibility over **H.W. WOOD's** Ecuadorian public reinsurance business. H.W. Wood Employee was an "agent" and an "employee" of **H.W. WOOD** as those terms are used in the FCPA, Title 15, United States Code, Section 78dd-3(a).

9.     "Intermediary Company" collectively refers to two companies whose identities are known to the United States and the defendants, that were registered in Panama and Ecuador, operated in Miami, Florida, and acted as intermediaries for reinsurance companies. Intermediary Company acted as an "agent" of **H.W. WOOD** and **TYSERS** as that term is used in the FCPA, Title 15, United States Code, Section 78dd-3(a).

10.     Esteban Eduardo Merlo Hidalgo ("Merlo") was an Ecuadorian and United States dual citizen who resided in Miami, Florida. Merlo operated and controlled Intermediary Company. Merlo acted as an "agent" of **H.W. WOOD** and **TYSERS** as that term is used in the FCPA, Title

3

15, United States Code, Section 78dd-3(a).

11.     Luis Lenin Maldonado Matute ("Maldonado") was an Ecuadorian citizen and Costa Rican resident and the president of Intermediary Company.  Maldonado acted as an "agent" of **H.W. WOOD** and **TYSERS** as that term is used in the FCPA, Title 15, United States Code, Section 78dd-3(a).

12.     Cristian Patricio Pintado Garcia ("Pintado") was an Ecuadorian and Italian dual citizen and resident of Costa Rica and the general manager of Intermediary Company.  Pintado acted as an "agent" of **H.W. WOOD** and **TYSERS** as that term is used in the FCPA, Title 15, United States Code, Section 78dd-3(a).

13.     Seguros Sucre S.A. ("Seguros Sucre") was a state-owned insurance company of Ecuador.  Seguros Sucre was controlled by the government of Ecuador and performed a function that Ecuador treated as its own.  It was an "instrumentality" of the Ecuadorian government as that term is used in the FCPA, Title 15, United States Code, Section 78dd-3(f)(2)(A).

14.     Seguros Rocafuerte S.A. ("Rocafuerte") was a state-owned insurance company of Ecuador.  Rocafuerte was controlled by the government of Ecuador and performed a function that Ecuador treated as its own.  It was an "instrumentality" of the Ecuadorian government as that term is used in the FCPA, Title 15, United States Code, Section 78dd-3(f)(2)(A).

15.     Juan Ribas Domenech ("Ribas") was a citizen of Ecuador who, from at least in or around 2013 through at least in or around 2017, served as the chairman of both Seguros Sucre and Rocafuerte and as an advisor to a then-high ranking executive branch official in the Ecuadorian government.  Ribas was a "foreign official" as that term is defined in the FCPA, Title 15, United States Code, Section 78dd-3(f)(2)(A).

16.     "Foreign Official 1," an individual whose identity is known to the United States

4

and the defendants, was a citizen of Ecuador who served as an official of Seguros Sucre from at least in or around 2013 through at least in or around 2017.  Foreign Official 1 was a "foreign official" as the term is defined in the FCPA, Title 15, United States Code, Section 78dd-3(f)(2)(A).

17.     "Foreign Official 2," an individual whose identity is known to the United States and the defendants, was a citizen of Ecuador who served as an official of Seguros Sucre from at least in or around 2015 through at least in or around 2019.  Foreign Official 2 was a "foreign official" as that term is defined in the FCPA, Title 15, United States Code, Section 78dd-3(f)(2)(A).

18.     "Foreign Official 3," an individual whose identity is known to the United States and the defendants, served as an official of Seguros Sucre from at least in or around 2014 through at least in or around 2018.  Foreign Official 3 was a "foreign official" as that term is defined in the FCPA, Title 15, United States Code, Section 78dd-3(f)(2)(A).

19.     Fernando Martinez Gomez ("Martinez") was a United States and Ecuadorian dual citizen who worked as a financial advisor for an international investment firm from in or around 2009 through in or around 2016.  Martinez was a "domestic concern," as that term is defined in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1)(A).

## CONSPIRACY TO VIOLATE THE FOREIGN CORRUPT PRACTICES ACT
### (18 U.S.C. § 371)

1.     Paragraphs 1 through 19 of the General Allegations Section are re-alleged and incorporated by reference as though fully set forth herein.

2.     In or about and between 2013 and 2017, both dates being approximate and inclusive, within the Southern District of Florida and elsewhere, the defendants,

**TYSERS INSURANCE BROKERS LIMITED**
and
**H.W. WOOD LIMITED,**

together with others, did knowingly and willfully combine, conspire, confederate, and agree to

5

commit offenses against the United States, to wit: through and together with its officers, directors, employees, and agents, while in the territory of the United States, to willfully and corruptly make use of the mails and means of instrumentalities of interstate commerce and to do any act in furtherance of an offer, payment, promise to pay, and authorization of the giving of anything of value to a foreign official and to a person, while knowing that all or a portion of such money and thing of value would be and had been offered, given and promised to a foreign official, for purposes of: (i) influencing acts and decisions of such foreign official in his official capacity; (ii) inducing such foreign official to do and omit to do acts in violation of the lawful duty of such official; (iii) securing any improper advantage; and (iv) inducing such foreign official to uses his influence with a foreign government and agencies and instrumentalities thereof to affect and influence acts and decisions of such government and agencies and instrumentalities, in order to assist the defendants, **TYSERS** and **H.W. WOOD**, in obtaining and retaining business for and with, and directing business to the defendants, **TYSERS** and **H.W. WOOD**, and others, contrary to Title 15, United States Code, Section 78dd-3.

## PURPOSE OF THE CONSPIRACY

3.      The purpose of the conspiracy was for the co-conspirators, including the defendants **TYSERS** and **H.W. WOOD**, to enrich themselves by, among other things, corruptly offering bribes to, and for the benefit of, Ribas, Foreign Official 1, Foreign Official 2, and Foreign Official 3, each of whom was a foreign official in Ecuador, within the meaning of the FCPA, Title 15, United States Code, Section 78dd-3(f)(2)(A), to influence the foreign officials and to secure improper advantages in order to obtain or retain reinsurance business from Seguros Sucre and Rocafuerte.

6

## MANNER AND MEANS OF THE CONSPIRACY

4.      The manner and means by which **TYSERS** and **H.W. WOOD** and their co-conspirators sought to accomplish the objectives of the conspiracy included, among other things, the following:

5.      Intermediary Company paid bribes totaling at least approximately $2.8 million on behalf of and for the benefit of **TYSERS, H.W. WOOD,** and Intermediary Company to bank accounts, including those in the Southern District of Florida, as well as Panama and Switzerland. These bank accounts were held in the Ecuadorian officials' names and in the names of third parties and nominee account holders for the officials' benefit. The bribes were funded by payments from **TYSERS** and **H.W. WOOD** to Intermediary Company on Seguros Sucre and Rocafuerte reinsurance business.

6.      In carrying out the scheme, the defendants, through Tysers Employee 1, Tysers Employee 2, H.W. Wood Employee, Merlo, Maldonado, Pintado, and others, utilized means and instrumentalities of interstate commerce, including the use of wires.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish the purpose and objects thereof, **TYSERS** and **H.W. WOOD** and their co-conspirators committed and caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

1.      On or about January 14, 2014, in an email chain discussing the commission split between **TYSERS, H.W. WOOD,** and Intermediary Company on certain Ecuadorian public reinsurance business to be co-brokered by **TYSERS** and **H.W. WOOD,** Maldonado sent an email to H.W. Wood Employee, copying Pintado, in response to H.W. Wood Employee's request for a

breakdown of where the commission was going. Maldonado stated in the email that of a proposed 43.34 commission percentage to be paid to Intermediary Company, 18.34 percent would be retained by Intermediary Company and for "[l]ocal people involved commercial and politically in obtaining and achievement of this business: 25%. More explicit I can't be."

2.      On or about January 16, 2014, H.W. Wood Employee forwarded the email chain referenced in Overt Act Paragraph 1 to Tysers Employee 3 to confirm Tysers' agreement with the commission split.

3.      On or about January 16, 2014, Tysers Employee 3 forwarded the email chain referenced in Overt Act Paragraph 2 to Tysers Employee 1 and Tysers Employee 2 and asked to discuss.

4.      After conferring with Tysers Employee 3, on or about January 21, 2014, H.W. Wood Employee emailed Maldonado and Pintado to agree to Intermediary Company's proposed commission split. The final agreed commission split included the 25 percent reserved for "[l]ocal people involved commercial and politically in obtaining and achievement of this business."

5.      On or about October 2, 2015, Merlo, while in the Southern District of Florida, emailed Ribas's financial advisor, Martinez, a model contract to be used to provide a justification for bribe payments funded by **TYSERS** and **H.W. WOOD**. The model contract described purported investments to be made in Ribas's company by Intermediary Company. Merlo advised that Martinez could make any modifications he thought appropriate.

6.      On or about November 6, 2015, Pintado paid a bribe of approximately $175,753 from an account held in the name of Intermediary Company in Panama through a correspondent bank in the United States to a Swiss bank account held for Ribas's benefit.

7.      On or about April 6, 2016, Merlo texted a picture of himself and H.W. Wood Employee together in the Southern District of Florida with a bottle of champagne to Maldonado and instructed Maldonado about giving H.W. Wood Employee (translated from Spanish) "more production," asking Maldonado to advise about any new business and to tell Ribas to give business to **H.W. WOOD.**

8.      On or about October 6, 2016, Pintado paid a bribe of approximately $20,000 from an account held in the name of Intermediary Company in Panama to an account held in the name of Foreign Official 3 in the Southern District of Florida.

9.      On or about April 7, 2017, Pintado paid a bribe of approximately $10,000 from an account he controlled in Panama to an account held in the name of Foreign Official 2 in the Southern District of Florida.

All in violation of Title 18, United States Code, Sections 371.

## FORFEITURE ALLEGATION
### (18 U.S.C. § 981(a)(1)(C))

1.      The allegations contained in this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **TYSERS** and **H.W. WOOD**, have an interest.

2.      Upon conviction of a conspiracy to commit a violation of the Foreign Corrupt Practices Act, Title 15, United States Code, Section 78dd-3, as alleged in this Information, the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3.      If any of the property subject to forfeiture, as a result of any act or omission of the

9

defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

GLENN S. LEON
Chief, Fraud Section
Criminal Division
United States Department of Justice

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

TYSERS INSURANCE BROKERS LTD

_____ Defendant. _____/

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*

Superseding Case Information:

**Court Division:** (Select One)
✓ Miami ___ Key West
___ FTL ___ WPB ___ FTP

New defendant(s)          Yes ___   No ___
Number of new defendants  ___
Total number of counts    ___

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:   (Yes or No)   No
     List language and/or dialect   _____

4.   This case will take __10__ days for the parties to try.

5.   Please check appropriate category and type of offense listed below:

(Check only one)

| | | | |
|---|---|---|---|
| I | 0 to 5 days | ___ | |
| II | 6 to 10 days | ✓ | |
| III | 11 to 20 days | ___ | |
| IV | 21 to 60 days | ___ | |
| V | 61 days and over | ___ | |

(Check only one)

| | |
|---|---|
| Petty | ___ |
| Minor | ___ |
| Misdem. | ___ |
| Felony | ✓ |

6.   Has this case previously been filed in this District Court?   (Yes or No)   No
     If yes: Judge _____   Case No. _____
     (Attach copy of dispositive order)
     Has a complaint been filed in this matter?   (Yes or No)   No
     If yes: Magistrate Case No. _____
     Related miscellaneous numbers:   22-cr-20311-Williams; 20-cr-20179-Gayles
     Defendant(s) in federal custody as of _____
     Defendant(s) in state custody as of _____
     Rule 20 from the District of _____

     Is this a potential death penalty case? (Yes or No)   No

7.   Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes ___   No ✓

8.   Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes ___   No ✓

_____
Alexander Kramer
Trial Attorney
Court ID A5502240

*Penalty Sheet(s) attached                                   REV 8/13/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**  Tysers Insurance Brokers Limited

**Case No:** _____

Count #: 1

Conspiracy to Violate the Foreign Corrupt Practices Act

Title 18, United States Code, Section 371

**\*Max. Penalty:** Fine of up to $500,000 or twice the gross gain

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**  H.W. Wood Limited

**Case No:** _____

Count #: 1

Conspiracy to Violate the Foreign Corrupt Practices Act

Title 18, United States Code, Section 371

**\*Max. Penalty:** Fine of up to $500,000 or twice the gross gain

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.    23-20414-CR-GAYLES/TORRES

UNITED STATES OF AMERICA

v.

H.W. WOOD LIMITED,

Defendant.

_____/

## WAIVER OF INDICTMENT

H.W. WOOD LIMITED, the above-named defendant, is charged in a one-count Information in this Court with conspiracy to commit an offense against the United States, in violation of 18 U.S.C. § 371, that is, to violate the anti-bribery provisions of the Foreign Corrupt Practices Act of 1977, as amended ("FCPA"), 15 U.S.C. § 78dd-3. Having been advised of the nature of the charge, the filed Information, and of its rights, H.W. Wood Limited through its below-authorized representative hereby waives prosecution by grand jury indictment and consents that the case against it proceed by Information rather than by Indictment.

Date: 19TH October 2023

_____
Corporate Representative for Defendant

_____
Counsel for Defendant

_____
The Honorable
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

<span style="color:red">23-20414-CR-GAYLES/TORRES</span>

UNITED STATES OF AMERICA

v.

TYSERS INSURANCE BROKERS LIMITED,

    Defendant.

_____/

## WAIVER OF INDICTMENT

**TYSERS INSURANCE BROKERS LIMITED**, the above-named defendant, is charged in a one-count Information in this Court with conspiracy to commit an offense against the United States, in violation of 18 U.S.C. § 371, that is, to violate the anti-bribery provisions of the Foreign Corrupt Practices Act of 1977, as amended ("FCPA"), 15 U.S.C. § 78dd-3.  Having been advised of the nature of the charge, the filed Information, and of its rights, through its below-authorized representative hereby waives prosecution by grand jury indictment and consents that the case against it proceed by Information rather than by Indictment.

Date: October 22, 2023

Rene Dubois, Head of Legal, Tysers
Corporate Representative for Defendant

Erin Brown Jones, Latham & Watkins LLP
Counsel for Defendant

_____
The Honorable
United States District Court